UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID MALDONADO,<br><br>　　　　Defendant.<br>_____/ | Case No. CR09-0619 EMC<br><br>**PRETRIAL ORDER FOR CRIMINAL JURY TRIAL AND BRIEFING SCHEDULE** |

　　　　Defendant having consented to trial before Magistrate Judge Edward M. Chen, and good cause appearing, it is hereby ordered that:

　　　　1.　　TRIAL DATE

　　　　　　　a.　　Jury trial will begin on **10/4/10 at 8:30 a.m. to 4:30 p.m. in Courtroom D,** 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

　　　　　　　b.　　The length of trial will not be more than **three (3) full days.**

　　　　2.　　DISCOVERY

　　　　　　　Both sides will comply with the Federal Rules of Criminal Procedure and Criminal Local Rule 16-1. The United States will comply with *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Agurs*, 427 U.S. 97 (1976).

　　　　3.　　MOTIONS

　　　　　　　a.　　Defendant's motion to suppress shall be noticed for hearing on **9/23/10 and 9/24/10 at 2:30 p.m.** in Courtroom C, and shall be **filed and served by 9/2/10.** Opposition shall be

filed by **9/9/10.** Reply shall be filed by **9/16/10.** The Court shall determine whether an evidentiary hearing is warranted based on the briefs.

  b. Pretrial motions (including motions *in limine*) shall be noticed and set for hearing on **9/23/10 at 2:30 p.m.** in Courtroom C. The briefing schedule for all motions other than the motion to suppress shall comply with Criminal Local Rule 47-2.

  4. PRETRIAL CONFERENCE

  a. A pretrial conference will be held on **9/23/10 at 2:30 p.m.** in **Courtroom C.** The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

  b. Not less than two (2) weeks before the Pretrial Conference, the parties shall complete the following:

   (1) Serve and file a pretrial statement pursuant to Crim. L.R. 17.1-1(b).

   (2) Serve and file a trial brief setting forth the following:

    (a) A description of each offense charged in the case.

    (b) A description of all of the relevant facts upon which the parties agree.

    (c) A description of all of the relevant facts upon which the parties disagree.

    (d) A description of the law applicable to each alleged offense, including, but not limited to, a listing of the elements of each alleged offense and affirmative defense and any instructions that the Court should consider in reaching a decision in the case.

    (e) Points of law on any other issues relevant to the trial, including all foreseeable procedural and evidentiary issues.

   (3) Serve and file a numerical list of each party's exhibits, including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness.

(4) Serve and file a list of the witnesses that each party intends to call at the trial, not including rebuttal witnesses, setting forth for each witness the substance of their testimony.

(5) Exchange exhibits, which shall be pre-marked (plaintiff shall use numbers; defendant shall use non-duplicative consecutive numbers as agreed in advance) and tabbed.

(6) Deliver two (2) binders of all pre-marked exhibits to chambers (exhibits are not to be filed). One binder shall contain a label in the back of each exhibit with information of the case number, exhibit number, and a signature line for the clerk's signature.

(7) Serve and file proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Court's standard instructions (i.e. the <u>Ninth Circuit Manual of Model Criminal Jury Instructions</u> (2003 ed. as amended through 2006) (also available on the Ninth Circuit website at www.ce9.uscourts.gov) shall be given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.2, 3.5-3.9, 7.1-7.6.

   (a) Any instruction contained in the Ninth Circuit Model Instructions Manual may be requested by designation of its number.

   (b) Each other instruction shall be requested by setting forth the instruction in full text on a separate sheet with reference to supporting legal authority.

   (c) Prior to filing the proposed instructions, the parties shall meet and confer and work in good faith towards a stipulated set of instructions. If a full agreement is not reached, the parties shall enumerate the instructions on which an agreement is reached and then list separately the additional instructions proposed by each party.

    (8) Serve and lodge a proposed form of verdict and proposed questions for jury voir dire.

  c. Not less than one (1) week prior to the Pretrial Conference, the parties shall:

    (1) Serve and file any objections to the opposing party's witnesses or to the exhibits on the opposing party's exhibit list, setting forth a detailed basis for each objection.

  d. No party shall be permitted to call any witness or offer any exhibit in their case in chief that is not disclosed pursuant to this Pretrial Order, without leave of Court for good cause shown, consistent with defendant's right to an effective defense.

  e. All motions *in limine* shall be noticed in accordance with Criminal Local Rule 47-2 and heard at the Pretrial Conference.

  5. <u>CHALLENGES</u>

  The procedure for exercising peremptory challenges in Criminal Local Rules 24-2 and 24-3 will be observed absent objection by the parties.

  6. <u>COPIES</u>

  Each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.

  7. <u>CHANGE OF PLEA</u>

  Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea. A written plea agreement must be submitted at least one (1) day in advance of the plea.

  8. Jury instructions, proposed form of verdict, and requested voir dire shall also be submitted to Chambers in Word or WordPerfect format on a floppy disk.

Dated: July 9, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge